UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARK H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5775-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in: (1) failing to find him disabled as a "worn out worker" as defined by the regulations, and (2) failing to develop the record regarding potential mental impairments. (Dkt. # 10 at 2.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1960, has an 11th-grade education with special education, and has worked as a construction worker. AR at 257-58. Plaintiff was last gainfully employed in 2018. *Id*.

ORDER - 1

In September 2019, Plaintiff applied for benefits, alleging disability as of August 31, 2018. AR at 215-16. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 99-101, 103-05, 108-09. After the ALJ conducted a hearing in May 2021 (*id*. at 33-74), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

Plaintiff argued at the administrative hearing that he should be found disabled as a "worn out worker" as defined in 20 C.F.R. § 404.1562. AR at 38-40. This regulation indicates that a person who cannot perform his or her past work is disabled, if: (1) the person worked for 35 years or more performing arduous unskilled physical labor, and (2) the person has no more than a marginal education, as defined by 20 C.F.R. § 404.1564. *See* 20 C.F.R. § 404.1562. Education that is "marginal" means that it provides the "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education." 20 C.F.R. § 404.1564(b)(2).

Plaintiff testified that he was in special education throughout his schooling and has dyslexia, and as a result, has problems with reading and arithmetic. AR at 41-42. Plaintiff also testified that he started working in construction as soon as he dropped out of high school in 11th grade, when he was 18 years old, in approximately 1980. *Id*. at 39, 59-60. Plaintiff continued working in construction until 2018. *Id*. at 43. He testified that he had not looked for work since that last construction job ended because he was unable to perform that type of work anymore due to his impairments. *Id*. at 44. The ALJ agreed, finding that Plaintiff could not return to his former work as a construction worker. *Id*. at 25.

The ALJ found that Plaintiff could adjust to other work, however, and that Plaintiff was not a "worn out worker" as described in 20 C.F.R. § 404.1562 because Plaintiff did not have 35 years of work experience, nor did he have a "marginal" education. AR at 26. As evidence to support this finding, the ALJ cited Plaintiff's work history reports identifying jobs that he started

ORDER - 3

less than 35 years before his alleged onset date, but failed to acknowledge that those forms asked Plaintiff to list the jobs he had held for the 15 years before his alleged onset date. *See id*. at 250, 266. The forms did not ask Plaintiff to list all of the jobs he had ever held, and the ALJ did not explain why he did not credit Plaintiff's hearing testimony regarding his entire work history. Plaintiff's earnings records document earnings as early as 1975, but with some gaps. *See, e.g.*, *id*. at 217.

Furthermore, although the ALJ emphasized that Plaintiff did not drop out of high school until 11th grade (AR at 26), the ALJ did not address Plaintiff's testimony regarding his special education and dyslexia when determining Plaintiff's educational abilities, nor did the ALJ mention Plaintiff's experience of continued deficits in reading and arithmetic. Notably, Plaintiff's wife completed forms on his behalf. *See, e.g.*, *id*. at 279-86. In light of that evidence, the ALJ erred in relying on Plaintiff's numerical grade level alone without explaining if or how he accounted for other conflicting evidence on this issue.[1] *See* 20 C.F.R. § 404.1564(b) (explaining that only if there is no other evidence to contradict it should an ALJ rely on numerical grade level alone to determine a claimant's educational abilities); Social Security Ruling 82-63, 1982 WL 31390, at *4 (Jan. 1, 1982) ("[T]he level of formal education is not conclusive of a person's vocational competence.").

Because there is some evidence in the record, primarily Plaintiff's hearing testimony, that could support a finding that Plaintiff meets the "worn out worker" profile defined in 20 C.F.R. § 404.1562, the ALJ erred by failing to explain how he assessed that evidence in finding that this

---

[1] The ALJ found that Plaintiff's dyslexia was not a medically determinable impairment because it was not diagnosed during the adjudicated period, although medical records referenced a historical diagnosis. AR at 19, 24. The ALJ also cited State agency opinions noting that Plaintiff had normal memory and attention span, concluding that Plaintiff's dyslexia did not cause workplace limitations. *Id*. at 19-20. These findings do not demonstrate that the ALJ considered the impact of Plaintiff's dyslexia on his educational abilities, which is relevant for determining whether he is disabled under 20 C.F.R. § 404.1562.

ORDER - 4

regulation was not satisfied. Although the Commissioner attempts to show why the ALJ reasonably interpreted the evidence to find that Plaintiff was not a "worn out worker" (dkt. # 12 at 12), the Commissioner has not shown that the ALJ's findings address Plaintiff's testimony regarding his educational and work history. The ALJ selectively cited forms that do not address the questions presented by 20 C.F.R. § 404.1562, namely the full extent of Plaintiff's work history as well as Plaintiff's actual educational abilities. AR at 26. Because Plaintiff presented testimony on those issues, the ALJ should have addressed that testimony in the decision and explained how he considered it in determining whether Plaintiff is disabled under 20 C.F.R. § 404.1562. On remand, the ALJ shall take whatever steps may be necessary to develop the record as to Plaintiff's educational and work history, and reconsider whether Plaintiff is disabled as a "worn out worker" defined in 20 C.F.R. § 404.1562.

      Although Plaintiff also argues that he was unable to produce evidence documenting his mental impairments due to the pandemic and that the ALJ should have further developed the record in this regard (dkt. # 10 at 6-7), the Court finds that Plaintiff has not shown that the ALJ was required to do so. Plaintiff admits that he was not diagnosed with any mental health conditions, nor did he receive any mental health treatment during the adjudicated period. (*Id*. at 6.) Under these circumstances, Plaintiff has not shown that the ALJ's duty to develop the record was triggered. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." (cleaned up)). Nonetheless, to the extent it is warranted by the Court's remand instructions, the ALJ may develop the record as necessary in order to consider whether Plaintiff is disabled under 20 C.F.R. § 404.1562.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall take whatever steps necessary to develop the record as to Plaintiff's educational and work history and reconsider whether Plaintiff is disabled as a "worn out worker" under 20 C.F.R. § 404.1562.

Dated this 9th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge